# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

IN THE MATTER OF THE APPLICATION )
OF THE UNITED STATES OF AMERICA FOR )
AN ORDER AUTHORIZING THE INSTALLATION ) MAGISTRATE NO. 1:07mc43
AND USE OF A PEN REGISTER AND CALLER )
IDENTIFICATION SERVICE ON THE )
CELLULAR TELEPHONE CURRENTLY NUMBERED )
AS (304) 290-0778 )

## EX PARTE ORDER

THIS MATTER having come before the Court pursuant to an Application pursuant to 18 U.S.C. Section 2703(d) and 3122 and 28 U.S.C. Section 1651(a), by Sherry L. Muncy, an attorney for the Government, which Application requests an Ex Parte Order authorizing the installation and use of a Pen Register and Caller Identification Service on the cellular telephone currently using the Number (304) 290-0778 and the provision of subscriber, credit, and billing information relating to all published and unpublished telephone numbers recorded while the Pen Register and Caller Identification Service are in use, the Court finds:

1. The Applicant has certified that Immigration and Customs Enforcement and the Federal Bureau of Investigation is conducting an ongoing criminal investigation of Fares Abulaban and others in connection with possible violations of 21 U.S.C. Section 846 and 841, relating to the distribution of cocaine. In addition, as a result of the investigation, there is some evidence that these individuals are laundering monies obtained through their drug operation by purchasing vehicles and shipping them to overseas contacts for resale. The money laundering also appears to involve financial structuring to avoid bank reporting requirements and the payment of federal taxes. The Applicant has further certified that one or more subjects of the

investigation are believed to be using the cellular telephone currently using Number (304) 290-0778, subscribed to by Fares M. Abulaban of 228 Walnut Street, Morgantown, West Virginia, in furtherance of the subject offense.

2. The Applicant has further certified that the information likely to be obtained from the Pen Register and Caller Identification Service is relevant to the ongoing criminal investigation, in that it is believed the information will concern the aforementioned offenses and, in addition, will serve to identify other persons acting in criminal concert with the named subjects.

3. The Applicant has further certified that subscriber, credit, and billing information, and transactional call data, including custom call features, and programmable call feature information, and toll records information (not including the contents of any communication), relating to published and unpublished telephone numbers recorded while the Pen Register and Caller Identification Service are in use would also be relevant to the ongoing criminal investigation.

4. The Applicant has further certified that SMART system information and cell site location data recorded while the Pen Register and Caller Identification Service is in use would also be relevant to the ongoing criminal investigation.

5. The Applicant has further certified that Immigration and Customs Enforcement and the Federal Bureau of Investigation does not, within the meaning of Section 3121 (c) Title 18, United States Code, have technology reasonably available to it that restricts the recording or decoding of electronic or other impulses to the dialing and signaling information utilized in call processing.

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. Section 3123, that agents of Immigration and Customs Enforcement and the federal Bureau of Investigation may direct UNITED STATES CELLULAR to install a Pen Register and Caller Identification Service on the cellular telephone currently using Number (304) 290-0778 to capture the incoming and outgoing electronic or other impulses that identify the incoming and outgoing telephone numbers of wire or electronic communications and the date, time, and duration of such outgoing impulses for a period of sixty (60) days, measured from the date this Order is signed.

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. Section 2703(d) and 28 U.S.C. Section 1651(a), that UNITED STATES CELLUALR shall furnish Immigration and Customs Enforcement and the Federal Bureau of Investigation forthwith all subscriber, credit, and billing information, and all transactional call data, including custom call features, and programmable call feature information, and toll records information (not including the contents of any communication), relating to all published and unpublished telephone numbers recorded while the Pen Register and Caller Identification Service are in use, including in particular such information as may be readily available regarding any telephone numbers dialed or pulsed from the target cellular telephone in a manner that does not cause the dialed or pulsed number to be registered on a Pen Register, such as numbers dialed or pulsed by speed dialing or other memory features, with reasonable compensation to be paid by Immigration and Customs Enforcement and the Federal Bureau of Investigation for reasonable expenses incurred in providing such subscriber information. This is an expedited court order requiring the communications service provider and cellular telephone Company to provide the ordered information upon receipt of the order on a 24-hour per day basis.

IT IS FURTHER ORDERED that UNITED STATES CELLULAR furnish Immigration and Customs Enforcement and the Federal Bureau of Investigation forthwith all SMART system information and cell site locator data while the Pen Register and Caller Identification Service is in use with reasonable compensation to be paid to UNITED STATES CELLULAR by Immigration and Customs Enforcement and the Federal Bureau of Investigation for reasonable expenses incurred in providing such information. This is an expedited court order requiring the communications service provider and cellular telephone company to provide the ordered information upon receipt of the order on a 24-hour per day basis.

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. Section 3123(b)(2), that UNITED STATES CELLULAR furnish forthwith to Immigration and Customs Enforcement and the Federal Bureau of Investigation all information, facilities, and technical assistance necessary to accomplish the installation and use of the Pen Register and Caller Identification Service unobtrusively and with a minimum of interference with the services accorded to the persons whose cellular telephone is to be the subject, with reasonable compensation to be paid to UNITED STATES CELLUAR by Immigration and Customs Enforcement and the Federal Bureau of Investigation for reasonable expenses incurred in providing such facilities and other assistance. If the target telephone is not presently equipped with Caller Identification Service, UNITED STATES CELLULAR shall add the Service with no record of said Service going to the target telephone subscriber or customer. UNITED STATES CELLULAR shall take all necessary steps to provide access to Caller Identification Service to Immigration and Customs Enforcement and the Federal Bureau of Investigation and to take all steps necessary to ensure that the addition or activity of the Caller Identification not be reflected on the customer's bill or otherwise disclosed to the customer.

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. Section 3123(d), that the Application and this Ex Parte Order be sealed until otherwise ordered by the Court and that UNITED STATES CELLULAR and their agents and employees shall not disclose the existence of the Application, the Order, the Pen Register and Caller Identification Service, or the underlying investigation to the listed subscriber or to any other person, unless or until otherwise ordered by the Court.

Signed on this 4 day of September 2007

HONORABLE JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE